UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE 1<br><br>and<br><br>JOHN DOE 2<br><br>    Plaintiffs,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION<br>99 E Street N.W.<br>Washington, D.C. 20436<br><br>    Defendant. | Civil Action No.: 17-cv-2694 (ABJ)<br>COMPLAINT |

## COMPLAINT

1. Plaintiffs, John Doe 1 and John Doe 2, by and through their undersigned counsel, file this complaint against Defendant, the Federal Election Commission ("Defendant," the "Commission" or the "FEC"), a federal agency, and make the following allegations based on personal knowledge and upon information and belief.

## INTRODUCTION

2. Plaintiffs bring this action seeking equitable relief from this Court to enjoin the FEC, a federal agency, from releasing Plaintiffs' identities in connection with FEC Matter Under Review ("MUR") 6920. Neither Plaintiff was named as a respondent in MUR 6920. Despite Plaintiffs' best efforts to discuss the reasons why the release of their identities is contrary to law and FEC policy, the Commission has represented in a circular manner only that it intends to

release their names as part of the investigative file in MUR 6920 because it is their policy to do so. The FEC has not provided any other reasoning to support this decision.

3. The release of Plaintiffs' identities is contrary to law under the Federal Election Campaign Act ("FECA" or "Act") and Freedom of Information Act ("FOIA") and published FEC policy because, among other reasons, it is an invasion of privacy, could be read to implicate such people and entities in illegal conduct even though the Commission has made no such finding, and has the effect of chilling speech.

4. For these reasons, Plaintiffs seek the protection of this Court to enjoin the Commission from publicly releasing their names.

## PARTIES

5. Plaintiff John Doe 2 is a trust lawfully created under the laws of a state in the United States.

6. Plaintiff John Doe 1 is the Trustee of John Doe 2, and is a Plaintiff in both that role and his individual capacity.

7. Defendant Federal Election Commission is an independent federal agency charged with the administration and civil enforcement of FECA. 52 U.S.C. § 30106. The Commission's business address is 999 E Street, NW, Washington, DC 20006.

## JURISDICTION AND VENUE

8. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 702-706 because it seeks judicial review of the actions of a government agency, the FEC, that are arbitrary and capricious, constitute an abuse of discretion, and are otherwise contrary to law.

9. Pursuant to 28 U.S.C. § 1391, venue is appropriate in this Court because a substantial part of the activities alleged herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

## STATUTORY AND REGULATORY FRAMEWORK

10. FECA establishes the Commission, which is tasked with investigating alleged violations of the Act. *See* 52 U.S.C. §§ 30106; 30107(a). FECA empowers the FEC, after conducting an investigation and as appropriate, to determine that there is probable cause to believe that a violation of FECA occurred and to enter into a conciliation agreement with "any person involved" in the alleged violation. *See* 52 U.S.C. § 30109(a)(4)(A)(i). The execution of a conciliation agreement acts as "a complete bar to any further action by the Commission." *Id.*

11. FECA specifically restricts the documents and information the FEC may make public in connection with an investigation, stating that "[a]ny notification or investigation made under this section shall not be made public by the Commission or by any person without the written consent of the person receiving such notification or the person with respect to whom such investigation is made." 52 U.S.C. § 30109(a)(12)(A). A violation of this provision by any member or employee of the Commission is punishable by a fine. *See* 52 U.S.C. § 30109(a)(12)(B).

12. Upon the conclusion of a matter under review, FECA directs the Commission to make public any conciliation agreement signed by the Commission and the respondent. *See* 52 U.S.C. § 30109(a)(4)(B)(ii); *see also* 11 C.F.R. § 5.4(a)(3).

13. In addition, FEC regulations provide that the investigatory materials in enforcement cases, including the opinions of the Commissioners, reports of the FEC's general counsel, and "non-exempt 52 U.S.C. 30109 investigatory materials shall be placed on the public

record of the Agency no later than 30 days from the date on which all respondents are notified that the Commission has voted to close such an enforcement file." *See* 11 C.F.R. § 5.4(a)(4).

## ADMINISTRATIVE PROCEEDINGS

14. This matter arises out of an investigation by Defendant relating to payments to a Super PAC in 2012, which resulted in a conciliation agreement by the FEC with Government Integrity, LLC ("Government Integrity"), American Conservative Union ("ACU"), the Now or Never PAC ("NON"), and James Thomas, treasurer to NON (the "Agreement").

15. Neither Plaintiff was a party to the Agreement, and neither was named as a respondent in MUR 6920.

16. During negotiations of the language of the Agreement, Government Integrity objected to the Commission's inclusion in the Agreement of the names of any person or entity that was not a respondent in the matter, and the Commission agreed not to include such names in the Agreement.

17. During these negotiations, Government Integrity also requested the redaction of the names of any non-respondents in any materials made available to the public in connection with the Commission's release of materials related to this matter.  At that time, the Commission's Enforcement Division informed counsel for Government Integrity that it could make objections during the post-resolution period during which the FEC considers which materials to make available to the public and which documents, if any, should be redacted.

18. On November 3, 2017, Defendant notified Government Integrity that the Commission had accepted and executed the Agreement, which resolved the allegations in MUR 6920.

19. Upon receiving this notice, counsel for Government Integrity held a telephone conference with an attorney from the Commission's Enforcement Division in which counsel for Government Integrity repeated its objections and requested the opportunity to further discuss the redaction of the names of non-respondents.

20. In that conversation, the attorney from the Commission's Enforcement Division advised Government Integrity's counsel that the Commission's Administrative Division would be determining the content of any redactions and documents to be released, but advised that the Commission would consider redaction of the names of non-respondents from some documents, further stating that that the Commission would be unlikely to redact any name from any General Counsel's Report in connection with the MUR.

21. On November 13, 2017, counsel for Government Integrity sent via email a letter to the Commission's Enforcement Division in which he (1) renewed Plaintiffs' objection to the FEC's making public any reference to non-respondents, (2) requested at least 10 days' notice of the FEC's intent to release any materials in this matter and such reference to those materials so that Plaintiff and any other affected party could take appropriate steps to prevent such disclosure, and (3) requested a meeting with the Enforcement Division to discuss the matter in more detail (the "November 13 Letter").

22. Plaintiff received no response to the November 13 Letter from the Commission.

23. On November 21, 2017, counsels for Plaintiffs and Government Integrity sent via email a joint letter to the Chairman of the Commission in which they reiterated the objection to the Commission's making public in this matter any reference to Plaintiffs' names, on the grounds that "[m]aking such names public is contrary to law, for, among other reasons, it is an invasion of privacy, it could be read to implicate such people and entities in illegal conduct even though

the Commission has made no such finding, and it has the effect of chilling speech" (the "November 21 Letter").

24. The November 21 Letter further stated that the Commission had failed to identify any interest sufficient to justify the need for disclosure of such names given the First Amendment interests at issue, as "the non-respondents whose names we are seeking to redact were not found to have violated FECA, and as third parties the disclosure of their identities does nothing to assure the public regarding the integrity of the FEC's proceeding."  In addition, the November 21 Letter stated that "the names of non-respondent individuals are categorically exempt from disclosure under [FOIA] Exemption 7(C)," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1205 (D.C. Cir. 1991), and, thus, "[c]onsistent with the privacy interests expressly recognized under FOIA and as a practical matter, the release of the names of non-respondents is impractical, unfair, and contrary to law under FECA."

25. On November 22, 2017, an attorney at the Commission's Enforcement Division responded to the November 21 Letter, advising that she had forwarded the November 13 Letter to the Commission's Administrative Law staff, which was also in possession of the November 21 Letter, and providing a point of contact on the Administrative Law team (the "November 22 Letter").  The attorney for the Enforcement Division further informed counsel that the FEC would provide forty-eight hours' notice before releasing any materials.

26. On December 14, 2017, the FEC informed counsel for Plaintiffs that it would release, in unredacted form, Plaintiffs' names on Monday, December 18, 2017, at 5:00 p.m.

27. On December 15, 2017, in response to a further inquiry as to the reasoning behind the Commission's decision to publicize Plaintiffs' names, the FEC informed counsel that doing so was simply a matter of policy, without further explanation of the basis for that policy.

28. By making repeated inquiries to the FEC staff and apprising the Commission itself of Plaintiffs' concerns, Plaintiffs have exhausted their administrative remedies to seek redress before the FEC.

29. Any decision to release Plaintiffs' identities, which, upon information and belief, will be disclosed in the General Counsel's report for the MUR or in other documents submitted to the FEC or generated as part of its investigation, is arbitrary, capricious, an abuse of discretion, or otherwise to contrary to law, including FECA, regulations promulgated under FECA, Exemption 7(C) of the Freedom of Information Act ("FOIA"), and the First Amendment.

30. Plaintiffs would suffer irreparable harm if the FEC discloses their identities.

31. Plaintiffs, who are not respondents to MUR 6920 and against whom the FEC has made no finding of wrongdoing, stand to suffer serious reputational harm from the disclosure that they were investigated in connection with alleged violations of FECA.

## COUNT I

**(Violations of the Administrative Procedure Act, 5 U.S.C. §§ 706(1) and (2))**

32. Plaintiffs re-allege and reincorporate each of the proceeding paragraphs of this Complaint as if set forth fully herein.

33. The Commission's implementing regulations provide that it will release only materials that are non-exempt under FOIA and which do not unnecessarily infringe upon First Amendment interests. 11 C.F.R. § 5.4(a); *Disclosure of Certain Documents and Enforcement and Other Matters*, 81 Fed. Reg. 50,702, 50,704 (Aug. 2, 2016) (citing *AFL–CIO v. FEC*, 333 F.3d 168, 174, 179 (D.C. Cir. 2003)).

34. The Commission's decision to disclose portions of its investigative file is final agency action. *See* 5 U.S.C. § 704.

35. Plaintiffs have exhausted their administrative remedies by objecting to the release of their names directly with the FEC.

36. The Commission's disclosure of Plaintiffs' names is an arbitrary and capricious decision, and an abuse of discretion because such action is "contrary to [a] constitutional right, power, privilege, or immunity." *See* 5 U.S.C. § 706(2)(B).

37. The Commission's disclosure of Plaintiffs' names is an arbitrary and capricious decision, and an abuse of discretion because such action violates 2 U.S.C. § 30109(a)(12)(A);

38. The Commission's disclosure of Plaintiffs' names is an arbitrary and capricious decision, and an abuse of discretion because such action violates 11 C.F.R. § 5.4(a)(4).

39. The Commission's disclosure of Plaintiffs' names is an arbitrary and capricious decision, and an abuse of discretion because such action is contrary to Exemption 7(C) of FOIA.

40. The Commission's disclosure of Plaintiffs' names is an arbitrary and capricious decision, and an abuse of discretion because such action violates the First Amendment to the United States Constitution.

41. The Commission's disclosure of Plaintiffs' names is an arbitrary and capricious decision, and an abuse of discretion because the Commission failed to consider important considerations raised by Plaintiff.

42. The Commission's disclosure of Plaintiffs' names is an arbitrary and capricious decision, and an abuse of discretion because the Commission failed to articulate a satisfactory explanation for its actions.

43. The Commission's disclosure of Plaintiffs' names is an arbitrary and capricious decision, and an abuse of discretion because it is a clear error of judgment.

44. The Commission's disclosure of Plaintiffs' names is an arbitrary and capricious decision, and an abuse of discretion because such disclosure works a manifest injustice against the Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. As soon as is practicable, hold a full hearing on the merits of Plaintiffs request for injunctive relief restraining Defendant from publicly releasing Plaintiffs' identities;

B. Provide preliminary and permanent injunctive relief;

C. Enter Judgment in the Plaintiffs' favor;

D. An award of attorneys' fees and costs to Plaintiffs; and

E. Such other and further relief as this Court deems just and proper.

December 15, 2017   `                    Respectfully submitted,

/s/ William W. Taylor, III
William W. Taylor, III (D.C. Bar # 84194)
Adam Fotiades (D.C. Bar # 1007961)
Dermot W. Lynch (D.C. Bar # 1047313)[1]
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
wtaylor@zuckerman.com
afotiades@zuckerman.com
dlynch@zuckerman.com
*Counsel for John Doe 1*

---

[1] Application for admission pending.

*/s/ Michael Dry*_____
Michael Dry (D.C. Bar # 1048763)
Craig Margolis (D.C. Bar # 454783)
Kathleen Cooperstein (D.C. Bar # 1017553)
Vinson & Elkins
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C., 20037
202-639-6500
202-879-8984 (fax)
mdry@velaw.com
cmargolis@velaw.com
kcooperstein@velaw.com
*Counsel for John Doe 2*

- 11 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December, 2017, I caused the foregoing to be served on Defendant as follows:

**By Hand Delivery**

Federal Election Commission
999 E Street N.W.
Washington, D.C. 20436


_/s/ William W. Taylor, III_____
William W. Taylor, III